# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL ALFRED FARMER-KIEFE,<br><br>　　　Plaintiff<br><br>v.<br><br>HARRY REID, et al.,<br><br>　　　Defendants | Case No.: 2:16-cv-02094-APG-CWH<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 30] |

Plaintiff Daniel Farmer-Kiefe sues for incidents that took place while he was a prisoner in Nevada Department of Corrections (NDOC) facilities. The defendants move for summary judgment on all remaining claims, arguing that the plaintiff has not exhausted his administrative remedies and that he has no evidence to support his claims. The plaintiff did not respond. I grant the defendants' motion because the plaintiff has not exhausted his administrative remedies.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). That means the inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The inmate thus must comply "with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Consequently, the defendants bear the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the defendants do so, then the burden shifts to the inmate to show "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted). The defendants bear the "ultimate burden" of proving a failure to exhaust. *Id.*

NDOC's grievance process is governed by Administrative Regulation 740. ECF No. 30-1. That process has three levels through which the inmate must proceed to exhaust: an informal grievance, first level, and second level. *Id.* at 10-15.

In his complaint, the plaintiff identifies four grievances he filed. ECF No. 1-1 at 32. The defendants have presented evidence that the plaintiff did not move beyond the informal level for any of these grievances. ECF Nos. 30-2 to 30-6. The plaintiff does not provide any contrary evidence. The defendants therefore have met their burden of showing the plaintiff has not exhausted available administrative remedies for any of his remaining claims. As a result, I grant the defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(ECF No. 30) is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendants Allen, Aviles, Bloomfield, Bogue, Dante, Dressen, and Satterly and against plaintiff Daniel Alfred Farmer-Kiefe.

DATED this 18th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE